**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| KLICOS PAINTING COMPANY, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WILLIAM P. BURGE, COMMISSIONER, )<br>DEPARTMENT OF LABOR AND )<br>INDUSTRY, COMMONWEALTH OF )<br>VIRGINIA, )<br><br>Defendant. ) | Civil Action No. 3:14CV284–HEH |

## <u>MEMORANDUM OPINION</u>
**(Defendant's Motion to Dismiss)**

This is an action seeking damages and equitable relief for alleged due process violations by the Commissioner (the "Commissioner") of the Virginia Department of Labor and Industry. The case evolves from a citation issued by an investigator with the Department of Labor and Industry ("DOLI") against Plaintiff for a purported safety and health violation at a construction site. The case is presently before the Court on Defendant's Motion to Dismiss for failure to state a plausible claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Both parties have filed memoranda of law supporting their respective positions. Since this Court's analysis turns on the four corners of the Complaint, oral argument would not aid in the decisional process.

In reviewing the Complaint for facial sufficiency, this Court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th

Cir. 2009). In this process, the Court must parse out the legal conclusions and extraneous commentary which lack factual enhancement. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

From that perspective, the Complaint alleges that "[o]n or about September 18, 2013, Klicos Painting provided services as a subcontractor at a construction site located at or about the northbound exit ramp off Interstate 95, which exits onto 15th Street in the City of Richmond, Virginia (the "Construction Site")." (Compl. ¶ 6, ECF No. 1-1.) On that date, an investigator with the DOLI inspected the Construction Site. The inspector "identified a single 'Serious' violation at the Construction Site: an employee who neglected to secure the personal fall arrest system he was wearing at the time of the inspection in the proper manner, pursuant to C.F.R. § 1926.451(g)(1)(vii). Klicos Painting corrected the violation immediately that day during the inspection." (Compl. ¶ 7.) According to the Complaint, "the Citation included a proposed penalty of $1,225.00." (*Id.* ¶ 8.)

Plaintiff further maintains in its Complaint that "[h]ad Klicos Painting received the Citation, the Citation would have provided Klicos Painting with the option of contesting the Citation within 15 working days after receiving Citation . . . in accordance with Va. Code §§ 40.1-49.4(C) and (E)." (*Id.* ¶ 9.) Although the DOLI represented to Plaintiff that "the Commissioner signed and issued a Citation and Notification of Penalty on or about December 4, 2013 [], and that the Commissioner sent the Citation by United Parcel Service to [Plaintiff] at Klicos Painting's office in Spring Hill, Florida," Plaintiff

2

contends that the citation was never received. (*Id.* ¶¶ 12–13.) Subsequently, on January

21, 2014, Plaintiff received a letter from the DOLI dated January 13, 2014,

> in which it asserted that Klicos Painting had been penalized $1225 without
> further particulars as to the nature or cause of the penalty. The January 13,
> 2014 Letter further threatened continued collection efforts, as well as the
> addition of interest, late penalty fees, collection agency costs and attorneys'
> fees added to the initial penalty, as well a [sic] negative effect on Klicos
> Painting's credit.

(*Id.* ¶ 14.) The January 13, 2014 letter demanded a response on or before January 23,

2014. (*Id.*)

> By return letter dated January 22, 2014, Plaintiff advised the DOLI that
>
> its collection letter was the first correspondence it received relating to any
> violations, and advised DOLI that it had denied Klicos Painting of due
> process by denying it any opportunity to review any of the facts supporting
> the citation, denying the opportunity [to] see the citation, denying any
> opportunity to respond, and denying an opportunity for an informal
> conference or any kind of meeting with DOLI.

(*Id.* ¶ 15.) Plaintiff received a response from the DOLI the following month. In that

letter, the DOLI

> asserted that it had received no response from Klicos Painting and that
> Klicos Painting owed a "PAST-DUE PENALTY." DOLI further
> threatened to submit its account to the Virginia Department of Taxation for
> inclusion in the Comptroller's Debt Set Off Program, to pursue Klicos
> Painting, and to "use every collection method available to settle this
> delinquent account. Additional fees may be added."

(*Id.* ¶ 16.)

Although Plaintiff does not appear to contest the fact that the citation was issued

or that it was conveyed to United Parcel Service ("UPS") for delivery, Klicos Painting

contends that its failure to receive the citation deprived it of the opportunity to participate

in an informal conference with the Commissioner to amicably resolve the citation.

Furthermore, Plaintiff alleges that it was deprived of the chance to appeal the

Commissioner's findings to the Circuit Court for the City of Richmond which "would

have had the option of issuing a written order affirming, modifying or vacating the

citation or proposed penalty."[1] (*Id.* ¶ 11.) Based on the analysis that follows, this Court

concludes that Plaintiff fails to plead a plausible due process claim.

In examining a complaint for facial sufficiency under Rule 12(b)(6), a court "does

not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  To

survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim must contain

. . . a short and plain statement of the claim showing that the pleader is entitled to

relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are

not enough. *Twombly*, 550 U.S. at 555.

A complaint achieves facial plausibility when the facts contained therein support a

reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 556;

*see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This analysis is context-specific

and requires "the reviewing court to draw on its judicial experience and common sense."

*Francis*, 588 F.3d at 193.  In addition to the well-pleaded factual allegations in the

---

[1] Nowhere in the Complaint does Plaintiff contend that it was unaware of the violation or that it
was not guilty of the safety violation.

4

complaint, the court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The pivotal claim in Plaintiff's Complaint is that it did not physically receive the citation in time to pursue legal remedies. If afforded that opportunity, Plaintiff contends that it may have been able to resolve the citation amicably with the Commissioner, or convince a circuit court judge to modify or vacate the citation. The Due Process Clause of the Fourteen Amendment requires the government to provide notice and an opportunity to be heard prior to intentional deprivation of a property interest. *Linton v. Frederick Cnty. Bd. Cnty. Comm'rs*, 964 F.2d 1436, 1439 (4th Cir. 1992).

To plead a viable procedural due process claim, the plaintiff must assert that (1) it had property or a property interest, (2) of which the defendant deprived it, (3) without due process of law. *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 826 (4th Cir. 1995). The same requirements are necessary to establish a due process claim under Virginia law. As the Supreme Court of Virginia noted in *Shivaee v. Commonwealth*, "the due process protections afforded under the Constitution of Virginia are co-extensive with those of the federal constitution, [and] the same analysis [] appl[ies] to both." 270 Va. 112, 119 (2005).

The key component of the claim is not that the Commissioner failed to properly post the citation, but the fact that Plaintiff failed to timely receive it. Plaintiff's argument appears to misconstrue the notice requirement under the Due Process Clause.

It is well settled that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). The method of notification must demonstrate a "desir[e] of actually informing" the party and must be reasonably adopted to accomplish that objective. *Id.* at 315 (noting that "process which is a mere gesture is not due process"). An equally enshrined principle is that due process does not necessitate actual notice, but instead requires the government "*attempt to provide* actual notice" using a method reasonably certain to reach the intended party. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 (1983)); *Mullane*, 339 U.S. at 315. There is no claim in the immediate case that the Commissioner's reliance on UPS to deliver the citation was unreasonable or miscalculated.

In the Complaint, Plaintiff anchors his due process claim to statutory language describing a prerequisite to "finality" of a citation issued by the Commissioner imposing a penalty. The provision of Virginia law empowering the Commissioner to assess civil penalties does mention the necessity for receipt of a citation by an employer. *See* Va. Code § 40.1-49.4(C)(H). The confusion underlying Plaintiff's argument appears to reside in the distinction between constitutional and statutory safeguards. *See Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). The Commissioner's attempt to collect the penalty assessed against Plaintiff may arguably violate a state statute, but falls short of a

6

viable due process claim under the United States or Virginia Constitution. In the constitutional context, a state "agency is required to comply with its regulations that are congruent with the requirements of constitutional due process." *Detweiler v. Va. Dep't of Rehab. Servs.*, 705 F.2d 557, 561 (4th Cir. 1983) (citation omitted). This obligation was fulfilled by properly posting the notice with UPS.

In the absence of an actionable claim under the United States Constitution, this Court lacks subject matter jurisdiction and this case must be dismissed.[2]

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 21, 2014
Richmond, VA

---

[2] Plaintiff's claims under state law hinge on discretionary decisions by state administrators applying state statutes and regulations. Should further relief be appropriate in this case—and not barred by sovereign immunity—it should be afforded by the courts of the Commonwealth of Virginia.